IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA CAROL RIFFEE, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 20-1328 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

### I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on April 1, 2019. (ECF No. 11-2, pp. 32-62). An impartial vocational expert, Samuel Edelmann, also appeared and testified at the hearing. *Id.* On June 19, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 11-2, pp. 14-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Jobs in the National Economy - Step 5**

Plaintiff asserts that ALJ did not meet his burden at step 5.  (ECF No. 14, pp. 2-5). Specifically, Plaintiff argues that a significant number of jobs were not identified that Plaintiff could perform.  *Id.*  As a result, Plaintiff submits that remand is warranted.  After a review of the evidence, I disagree.

At step 5, the ALJ must determine if there exist a significant number of jobs in the national economy "in one or more occupations" with the residual functional capacity that a plaintiff is able to meet.  20 C.F.R. §404.1566(b). There is no precise estimate nor bright-line test for determining what constitutes a significant number.  *Young v. Astrue,* 519 F.App'x 769, 772 (3d Cir. 2013).  In this case, the vocational expert (VE) testified that a person with Plaintiff's RFC could perform the occupations of:

1. Copy machine operator with approximately 2,100 jobs nationally;
2. Electrical accessories assembler with approximately 7,2000 jobs nationally; and
3. Folding machine operator with approximately 2,0000 jobs nationally.

(ECF No. 11-2, p. 24).  Thus, there is no dispute that the number of jobs identified in this case totaled 11,300.  *Id; see also,* ECF No. 14, p. 3; No. 16, p. 6.

Plaintiff argues that 11,300 jobs in the national economy is not significant and further suggests that there was no indication as to how many jobs exist in the region such that the ALJ failed to meet his burden of explaining his finding that 11,300 jobs nationally is a significant number.  (ECF No. 14, p. 5).  After a review, I am not persuaded by Plaintiff's argument.

The Act provides that work that exists in the national economy "means work which exists in significant numbers either in the region where such individual lives **or** in several regions of the country." 42 U.S.C. §423(d)(2)(A) (emphasis added).  Similarly, the regulations provide:

> We consider that work exists in the national economy when it exists in significant numbers either in the region where you live **or** in several other regions of the country. It does not matter whether—
>
> (1) Work exists in the immediate area in which you live;
>
> (2) A specific job vacancy exists for you; or
>
> (3) You would be hired if you applied for work.

20 C.F.R. § 404.1566(a) (emphasis added).  "[G]iven that the definition of work in the national economy is 'work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country,' 42 U.S.C. § 1382c(a)(3)(B), testimony 'stating that there are a number of jobs available in the national economy is, by definition, stating the incidence of jobs 'in the region in which the individual resides or in several regions of the country.' " *Brininger v. Berryhill*, No. 3:16-CV-00903, 2017 WL 3634187, at *15 (M.D. Pa. Aug. 7, 2017), *report and recommendation adopted,* No. 3:16CV903, 2017 WL 3632496 (M.D. Pa. Aug. 23, 2017), *quoting, Vititoe v. Colvin*, 549 Fed.Appx. 723, 731 (10th Cir. 2013).  *See also, Sanchez v. Comm'er of Soc. Sec.,* 705 F. App'x 95, 99 (3d Cir. 2017) (finding that 18,000 jobs were sufficiently "significant" to support the ALJ's decision), *citing, Johnson v. Chater,* 108 F.3d 178, 180 (8th Cir. 1997)(finding that 10,000 jobs in the national economy was sufficiently

significant.); *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009)(finding that 11,0000 jobs in the national economy is significant).[2]

With that in mind, the VE here testified that approximately 11,300 jobs existed "nationally." I find it was reasonable for the ALJ to rely on the same in finding Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (ECF No. 11-2, p., 24). Thus, based on the facts of this case, I find that the ALJ's decision is supported by substantial evidence from which I can make a proper and meaningful review. Therefore, I find no error in this regard and remand is not warranted.

An appropriate order shall follow.

---

[2]Plaintiff cites to my previous decision in *Wehrer v. Comm'er of Soc. Sec.,* Civ. No. 17-804, 2018 WL 2065926 (W.D. Pa. May 3, 2018) in support of his position. In *Wehrer,* however, there were a number of factors that were present in my determination that the number of jobs at issue ("over 5,000") was unclear such that remand was warranted. In contrast, in this case it is clear that the number of jobs identified is 11,300 "nationally."

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA CAROL RIFFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 20-1328 |
| KILOLO KIJAKAZI,³ ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of September, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

³ Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.